UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NICOLE LAWTONE-BOWLES,

                    Plaintiff,

          -against-

LIBERTY UNIVERSITY; LIBERTY
SCHOOL OF HEALTH SCIENCES;
BRENDAN HAYNIE; GRANT M. ROST,

                    Defendants.

---

1:22-CV-5756 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Nicole Lawtone-Bowles, of Highland Falls, Orange County, New York, filed this action *pro se*. The Court understands Plaintiff's complaint as asserting claims under Title IX of the Education Amendments Act of 1972 ("Title IX") and/or Title II of the Americans with Disabilities Act of 1990 ("Title II of the ADA"). Plaintiff sues: (1) Liberty University ("LU"); (2) the Liberty University School of Health Sciences ("LUSHS"); (3) Brendan Haynie, the "Online Chair" of LUSHS; and (4) Grant M. Rost, an associate professor of law at LU.

By order dated July 25, 2022, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons discussed below, the Court directs Plaintiff to show cause by declaration, within 30 days, why the Court should not transfer this action to the United States District Court for the Western District of Virginia.

## DISCUSSION

Under the relevant venue provision, claims under Title IX or under Title II of the ADA may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under 28 U.S.C. § 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Plaintiff does not allege that any of the defendants resides within this judicial district or, for that matter, in any federal judicial district within the State of New York. Rather she alleges that LU and LUSHS reside in Lynchburg, Campbell County, Virginia, and also appears to allege that Defendants Haynie and Rost reside in that same city and county in Virginia. (ECF 2, at 4-5.) Campbell County, Virginia, lies within the Western District of Virginia. *See* 28 U.S.C. § 127(b).

Plaintiff further alleges, however, that the events giving rise to her claims have occurred in Highland Falls, and in West Point, New York (ECF 2, at 5), which are both in Orange County, within this judicial district, the Southern District of New York,[1] *see* 28 U.S.C. § 112(b).

Given Plaintiff's allegations, it appears that under Section 1391(b)(1) or (2), the United States District Court for the Western District of Virginia is a proper venue for this action, while under Section 1391(b)(2), this court may be a proper venue for this action.[2] In light of Plaintiff's allegations as to the location of the defendants and as to where a substantial portion of the

---

[1] The events that are the basis of Plaintiff's claims have allegedly occurred while Plaintiff has been enrolled as an LU student attending online courses; her claims arise from online grading disputes, as well as email disputes, that she has allegedly had with LU faculty and other LU officials. (ECF 2, at 5-6.)

[2] While Plaintiff specifically alleges that the events giving rise to her claims have occurred within this judicial district, it appears from her complaint that a significant portion of the alleged events have occurred at LU, within the Western District of Virginia.

alleged events appear to have occurred, in the interest of justice, the Court is inclined to transfer this action to the Western District of Virginia under 28 U.S.C. § 1404(a).[3]

The Court thus directs Plaintiff to show cause by declaration why the Court should not transfer this action to the Western District of Virginia under Section 1404(a). Plaintiff may address in her declaration such factors as the convenience of the witnesses and parties, the location of relevant documents, and the weight that should be afforded to her choice of the venue in which she filed her complaint.

## CONCLUSION

The Court directs Plaintiff to show cause by declaration, within 30 days of the date of this order, why the Court should not transfer this action to the United States District Court for the Western District of Virginia under 28 U.S.C. § 1404(a). A declaration form is attached to this order. If Plaintiff fails to file a declaration within the time allowed, or fails to show adequate cause why the Court should not direct the transfer of this action, the Court will transfer this action to the Western District of Virginia under Section 1404(a).

Plaintiff has filed with her complaint a motion for permission for electronic case filing. (ECF 3.) Because Plaintiff has not provided all of the information required by that motion form, the Court denies that motion without prejudice to Plaintiff's filing another such motion form that is completed.

---

[3] Under this statutory provision, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order

would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.

*See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

  Dated:   August 22, 2022
            New York, New York

 

                                         /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                      Chief United States District Judge